UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**ANTHONY AYIOMAMITIS**,

          Plaintiff,

v.                          Docket No.0:19-cv-02618-SRN-TNL

                                    JURY TRIAL DEMANDED

**STAR TRIBUNE MEDIA COMPANY LLC**,

          Defendant.

## STAR TRIBUNE MEDIA COMPANY LLC'S ANSWER TO COMPLAINT OF ANTHONY AYIOMAMITIS

Defendant Star Tribune Media Company LLC ("Star Tribune") for its answer and affirmative defenses to the Complaint filed by Anthony Ayiomamitis (the "Plaintiff") hereby states as follows:

## ANSWER

1. Star Tribune admits that the Complaint purports to state a cause of action for copyright infringements under Section 501 of the Copyright Act (defined below) and that Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), but denies (a) that such a cause of action exists against Star Tribune; (b) that Plaintiff is entitled to the monetary relief it seeks; and (c) the remaining allegations of Paragraph 1 of the Complaint.

1

2. Star Tribune admits that the Complaint purports to state a cause of action for copyright infringement under the Copyright Act, but denies such a cause if action exists against Star Tribune.  Star Tribune admits this Court has subject matter jurisdiction.

3. Star Tribune admits the allegations of Paragraph 3 of the Complaint.

4. Star Tribune admits the allegations of Paragraph 4 of the Complaint.

5. Star Tribune lacks enough information to admit or deny the allegations of Paragraph 5 of the Complaint, and therefore denies the same leaving Plaintiff to its proof.

6. Star Tribune admits the allegations of Paragraph 6 of the Complaint, except that Star Tribune denies the URL for the website is www.StarTribune.com.  The actual URL for the website is www.startribune.com.

7. Star Tribune lacks enough information to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same leaving Plaintiff to its proof.

8. Star Tribune lacks enough information to admit or deny the allegations of Paragraph 8 of the Complaint, and therefore denies the same leaving Plaintiff to its proof.

9. Star Tribune lacks enough information to admit or deny the allegations of Paragraph 9 of the Complaint, and therefore denies the same leaving Plaintiff to its proof.

10. Star Tribune admits an article entitled *Drought Forecast to Worsen (small metro frost risk by Saturday)* appeared at http://www.startribune.com/drought-forecast-to-worsen-small-metro-frost-risk-by-saturday/170071716 and that Exhibit B to the Complaint contains a copy of that article together with additional materials.  Star Tribune denies that it "ran" the article and the remaining allegations of Paragraph 10 of the Complaint.

11. Star Tribune lacks enough information to admit or deny the allegations of Paragraph 11 of the Complaint, and therefore denies the same leaving Plaintiff to its proof.

12. In response to Paragraph 12 of the Complaint, Star Tribune incorporates by reference Paragraphs 1–11 above.

13. Star Tribune denies the allegations of Paragraph 13 of the Complaint.

14. Star Tribune denies the allegations of Paragraph 14 of the Complaint.

15. Star Tribune denies the allegations of Paragraph 15 of the Complaint.

16. Star Tribune denied the allegations of Paragraph 16 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.  17 U.S.C. § 507(b).

## THIRD AFFIRMATIVE DEFENSE

The inclusion of the photograph which is the subject of the Complaint (the "Photograph") in the article posted on Star Tribune's website constitutes fair use, and not copyright infringement, under Section 107 of the Copyright Act.  17 U.S.C. § 107.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought by the Complaint is barred by the Digital Millennium Copyright Act, and more specifically, 17 U.S.C. § 512(c), because (i) Star Tribune is a "service provider" as defined in 17 U.S.C. § 512(k)(1)(A); (ii) the Photograph was stored on Star Tribune's website at the direction of a user; (iii) prior to receipt of the Complaint, Star Tribune had no knowledge that the Photograph, or any activity related to use of the Photograph, would be infringing; (iv) Star Tribune was also not aware of any facts or circumstances from which infringing activity is apparent; (v) upon receipt of the Complaint, Star Tribune acted expeditiously to remove or

disable access to the Photograph; and (vi) Star Tribune has not received any financial benefit directly attributable to the Photograph.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred by Section 412 of the Copyright Act, 17 U.S.C. § 412, from recovering either the attorneys' fees it seeks or any statutory damages because, on information and belief based upon a review of Exhibit B to the Complaint and the records related to the copyright registration referenced in the Complaint, any infringement of copyright commenced after first publication of the work and before the effective date of its registration, and such registration was not made within three (3) months after the first publication of the work. According to Exhibit B of the Complaint, the Photograph was posted on or about September 18, 2012. According to the records of the U.S. Copyright Office related to the registration identified in the Complaint, the Photograph was first published on January 6, 2005, and the date of the registration identified in the Complaint was July 15, 2018.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred under principles of laches from recovering the relief sought because (i) Plaintiff delayed in asserting his claims, (ii) that delay was not excusable, and (iii) Plaintiff's delay in asserting his claims is unduly prejudicial to Star Tribune.

**WHEREFORE**, Star Tribune prays for relief as follows:

    A.    Dismissal of Plaintiff's claims in their entirety with prejudice.

    B.    Judgment in favor of Star Tribune and against Plaintiff.

    C.    A declaration that Star Tribune has not infringed and is not infringing any copyrights held by Plaintiff.

D.  An award to Star Tribune of all attorneys' fees, costs, and disbursements incurred by Star Tribune in defense of Plaintiff's claims.

E.  Such other relief as the Court deems just and equitable.

Respectfully Submitted,

Date:  October 22, 2019

/s/ James T. Nikolai
James T. Nikolai (#144,101)
Jorgen M. Lervick (#0400159)
DeWitt LLP
2100 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
Telephone: (612) 305-1518
Facsimile: (612) 305-1414
**ATTORNEYS FOR STAR TRIBUNE MEDIA COMPANY LLC**